# OFFICIAL SYLLABI
## Ohio Appeals

WARREN GUAR. TITLE & MORTG. CO. v. WILLIAMS et.

Ohio Appeals, 9th Dist., Summit Co.

Paul E. Kightlinger, Warren, and Myers & Dinsmore, Akron, for Mortg. Co.

Fillius & Fillius, Warren, for successor 2nd Nat. Bk. of Warren.

FUNK, J.

362. DEBTOR & CREDITOR—106. Assignments—112. Attachment.

The assignment, in good faith, for value, of an interest in a pending suit, which suit proceeds to judgment in the name o fthe assignor, is valid as against an attaching creditor, where the assignment is made prior to the time of the attachment, although no notice of the assignment is given to the judgment debtor or attaching creditor prior to the service of the attachment, but is given before the judgment is paid.

(Washburn, PJ., and Pardee, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## Weekly Report of NEW CASES DOCKETED

For full history of these cases see Omnibus Index, last page.

July 31, 1928

21320—Cowley et d.b.a. Shaker Heights Motor Sales Co. v. Balander; motion for Cuyahoga Appeals to certify: Dustin, McKeehan, Merrick, Arter & Stewart, and C. M. Horn, Cleveland, for plaintiff; Henderson, Quail, Siddall & Morgan, Cleveland, for defendant.

21321—Wolf et v. Marshall et; error to Montgomery Appeals; motion for Montgomery Appeals to certify. H. E. Kreitzer, for plaintiff.

August 1, 1928

21322—Cincinnati Northern R. R. Co. et v. P. U. C.; error to P. U. C. Wilson & Rector, Columbus, for plaintiffs; Attorney General, for defendant.

21323—Levin v. Habermann et; motion for for defendants.

Cuyahoga Appeals to certify. Albert A. Woldman, Cleveland, for plaintiff; Fackler & Woods,

August 2, 1928

21324—State ex Bryant v. Akron Metropolitan Park District; error to Summit Appeals. Geo. D. Hile, Snyder, Henry, Thomson, Ford & Seagrave, Cleveland, for plaintiff.

21325—State ex Schorr v. Viner et; In Prohibition. Wm. Jerome Kuertz, for plaintiff; John D. Ellis, Cincinnati, for defendants.

21326—State ex Deal v. Indust. Com.; In Mandamus. Malcom Y. Yost, Cleveland, for plaintiff; E. C. Turner, R. R. Zurmehly, Columbus, for defendant.

UN. TR. CO. v. HAWKINS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Boyd, Cannon, Brooks & Wickham, Cleveland, for Un. Tr. Co.

Squire, Sanders & Dempsey, Cleveland, for Hawkins.

VICKERY, J.

1. 1,197. TRUSTS & TRUSTEES.

Trust agreement providing for bond indemnifying trustee against payment of taxes on securities turned over to it, authorizing termination of trust by either party at any time on giving 60 days' notice, requiring owner's approval of all investments by trustee, and providing that all property should pass to creator's personal representatives on her death, should be construed with supplemental or amended agreement providing that certain note included in trust property should go to persons named; first agreement not being superseded, but simply added to by changed conditions of second agreement.

(Continued on Page 504)

(Continued from Page 490)
Malavozos v. Bland. OS. No. 21316, 6 Abs. 487.

Marko v. City of Youngstown. OA. 6 Abs. 477.

Matre v. Matre et. OA. 6 Abs. 484.

Met. Life Ins. Co. v. Contie. OS. No. 20895, 6 Abs. 29, 77, 157, aff. 357, Syl. 488; 119 Oh. St. 37★; 162 NE. 110.

(Continued on Page 504)